IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

COREY MATTHEWS, #168496,        )
                                )
            Plaintiff,          )
                                )
        v.                      )        CIVIL ACTION NO. 2:12-CV-870-WHA
                                )                    [WO]
                                )
CLARENCE HAYMONS, *et al.*,     )
                                )
            Defendants.         )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

In this 42 U.S.C. § 1983 action, Corey Matthews ("Matthews"), a state inmate, challenges the constitutionality of actions taken against him during his incarceration at the Covington County Jail.  Matthews names Officer Clarence Haymons, Sheriff Dennis Meeks, Jail Administrator Preston Hughes, Sgt. Bill Blue and Officer David Anderson as defendants. In the complaint, Matthews maintains that defendant Haymons used excessive force against him on the night of August 28, 2012 by throwing him to the floor and repeatedly punching/kicking him in the face absent provocation or need for the use of force while Sgt. Bill Blue failed to intervene to protect him from this assault.  *Compl. - Doc. No. 1* at 3. Matthews further complains that the defendants denied him medical treatment for  injuries suffered during the incident.  *Id*.  Matthews seeks monetary damages for the alleged violations of his constitutional rights.  *Id*. at 4.

The defendants filed a special report, supplemental reports and supporting evidentiary

materials addressing Matthews' claims for relief.  Pursuant to the orders entered in this case, the court deems it appropriate to construe these reports as a motion for summary judgment. *Order of March 8, 2013 - Doc. No. 49*.  Thus, this case is now pending on the defendants' motion for summary judgment.  Upon consideration of this motion, the evidentiary materials filed in support thereof, the sworn complaint and the plaintiff's response to the motion, including supporting evidentiary materials, the court concludes that the motion for summary judgment is due to be granted in part and denied in part.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court

---

[1]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions."  Fed. R. Civ. P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination."  *Id.* "'Shall' is also restored to express the direction to grant summary judgment."  *Id.* Despite these stylistic changes, the substance of Rule 56 remains the same and, therefore, all cases citing prior versions of the rule remain equally applicable to the current rule.

of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (moving party has initial burden of showing there is no genuine dispute of material fact for trial). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present appropriate evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-24.

The defendants assert that they have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact with respect to the claims presented by the plaintiff. The burden therefore shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."); *Jeffery*, 64 F.3d at 593-94 (internal quotation marks omitted) (Once the moving party meets its burden, "the non-moving party must then go

beyond the pleadings, and by its own affidavits, [sworn statements or declarations under penalty of perjury,] or by depositions, answers to interrogatories, and admissions on file," demonstrate that there is a genuine dispute of material fact.).  This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment.  *Peebles v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014).  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007).

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted).  Consequently, to survive the defendants' properly supported motion for summary judgment, Matthews is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e).  "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50.  "A mere 'scintilla' of evidence supporting the

opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. " *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990) (quoting *Anderson*, 477 U.S. at 242).   Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment.  *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (A plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("Mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment."); *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value.").   Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Sw. Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact,

granting of summary judgment is appropriate.); *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (summary judgment appropriate where no genuine dispute of material fact exists).  At the summary judgment stage, this court must "consider all evidence in the record . . . [including] pleadings, depositions, interrogatories, affidavits, etc. -- and can only grant summary judgment if everything in the record demonstrates that no genuine [dispute] of material fact exists." *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012).  In addition, the law is well settled that the evidence before court must at this stage of the proceedings be construed in a light most favorable to the plaintiff.  *Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606, 608 (11th Cir. 2014).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children and Family Serv.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the

6

material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-24 (summary judgment appropriate where pleadings, evidentiary materials, and affidavits before the court show no genuine dispute as to a requisite material fact); *Waddell v. Valley Forge Dental Assoc., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  The court has undertaken a thorough and exhaustive review of all the evidence contained in the record.  In this case, Matthews, through the submission of his sworn complaint and the evidentiary materials submitted in response to the defendants reports, has demonstrated a genuine dispute of

7

material fact in order to preclude entry of summary judgment on his excessive force and failure to protect claims.  The defendants, however, are entitled to summary judgment on Matthews' claim regarding deliberate indifference to his medical needs.

## III.  DISCUSSION[2]

In the instant complaint, Matthews challenges actions taken against him in August of 2012 during his last few days of confinement at the Covington County Jail.  He seeks only monetary damages from the defendants.

### A.  Absolute Immunity

To the extent that Matthews lodges claims against the defendants in their official capacities, the defendants are entitled to absolute immunity from monetary damages.[3] Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the

---

[2]The evidentiary materials indicate that the alleged constitutional violations made the basis of the instant complaint occurred during Matthews' incarceration as a convicted inmate due to his violation of parole on a 2008 conviction for distribution of a controlled substance.  Regardless of Matthews' status in the jail either as a pre-trial detainee or convicted inmate, the applicable standard of review remains the same.  *Bell v. Wolfish*, 441 U.S. 520 (1979); *Lancaster v. Monroe Cnty., Ala.*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997); *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) (citations omitted) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners. . . .  However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees."); *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1574 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096 (1986) (For analytical purposes, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment.); *Tittle v. Jefferson Cnty. Comm'n*, 10 F.3d 1535, 1539 (11th Cir. 1994) (observing that "[w]hether the alleged violation is reviewed under the Eighth or Fourteenth Amendment is immaterial.").

[3]Under all facets of Alabama law, a county sheriff and his correctional staff act as state officers "when supervising inmates and otherwise operating the county jails."  *Turquitt v. Jefferson Cnty., Ala.*, 137 F.3d 1285, 1289 (11th Cir. 1998); *see* Ala. Const. Art. V, § 112 (designates sheriff and, by extension, his staff as members of State's executive department); *Parker v. Amerson*, 519 So. 2d 442 (Ala. 1987) (county sheriff is executive officer of the State).

entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).

> A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S. Ct. 1114, 1125, 134 L. Ed. 2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities.

*Lancaster v. Monroe Cnty.*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that the defendants are state actors entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities.  *Lancaster*, 116 F.3d at 1429; *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (state officials sued in their official capacities are protected from suit for damages under the Eleventh Amendment); *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995) (damages are unavailable from state official sued in his official capacity).  The court will henceforth address the claims presented against the defendants in their individual capacities.

## B.  Excessive Force and Failure to Protect

(i)  Qualified Immunity.  With respect to Matthews' excessive force and failure to protect claims against defendants Haymons and Blue in their individual capacities, the defendants argue they are entitled to qualified immunity.

> Under the doctrine of qualified immunity, if the defendant establishes that he was acting within the scope of his discretionary authority when the alleged excessive force occurred, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity. *Skop* [*v. City of Atlanta*, 485 F.3d 1130, 1136-1137 (11th Cir. 2007)]. To defeat qualified immunity, a plaintiff must show both that a constitutional violation occurred and that the constitutional right violated was clearly established. *Fennell* [*v. Gilstrap*, 559 F.3d 1212, 1216 (11th Cir. 2009) (per curiam)]. In Eighth Amendment excessive force cases, however, "the subjective element required to establish [the constitutional violation] is so extreme that every conceivable set of circumstances in which this constitutional violation occurs is clearly established to be a violation of the Constitution." *Johnson v. Breeden*, 280 F.3d 1308, 1321-22 (11th Cir. 2002).

*Bowden v. Stokely*, 576 F. App'x 951, 954-55 (11th Cir. 2014) (per curiam). "Moreover, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance." *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002). "While . . . there is no per se rule barring qualified immunity in Eighth Amendment cases, where the plaintiff has sufficiently alleged or shown a material dispute of fact as to an excessive force claim, summary judgment based on qualified immunity is not appropriate." *Bowden*, 576 F. App'x at 956. Accordingly, this court will consider whether the plaintiff's allegations that Haymons maliciously and sadistically used excessive force against him while Blue witnessed the attack and failed to intervene, which the court must take as true for purposes of summary judgment, sets forth a violation of his Eighth Amendment rights.

(ii) <u>Excessive Force and Failure to Protect</u>. Claims of excessive force by jail officials against convicted inmates are governed by the Eighth Amendment's proscription against

cruel and unusual punishment.  *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999).

The standard applied to an Eighth Amendment excessive force claim contains both a

subjective and objective component.  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  The

subjective component requires that prison "officials act[ed] with a sufficiently culpable state

of mind."  *Hudson*, 503 U.S. at 8 (internal quotations omitted).  With respect to the objective

component, a plaintiff must show that "the alleged wrongdoing was objectively harmful

enough to establish a constitutional violation."  *Id*.  In addition, "the use of excessive

physical force against a prisoner may constitute cruel and unusual punishment [even] when

the inmate does not suffer serious injury."  *Id*. at 4.  "Injury and force . . . are only imperfectly

correlated, and it is the latter that ultimately counts.  An inmate who is gratuitously beaten

by guards does not lose his ability to pursue an excessive force claim merely because he has

the good fortune to escape without serious injury."  *Wilkins v. Gaddy*, 559 U.S. 34, 38

(2010).  The Court, however, further directed that "the relatively modest nature of [an

inmate's] alleged injuries will no doubt limit the damages he may recover."  *Id*. at 40.

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting
> as long as it is applied "in a good faith effort to maintain or restore discipline
> [and not] maliciously and sadistically to cause harm."  *Whitley v. Albers*, 475
> U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986) (quoting *Johnson
> v. Glick*, 481 F.2d 1028, 1033 (2nd Cir.1973)); *see also Hudson v. McMillian*,
> 503 U.S. 1, 8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).  To determine if an
> application of force was applied maliciously and sadistically to cause harm, a
> variety of factors are considered including: "the need for the application of
> force, the relationship between that need and the amount of force used, the
> threat reasonably perceived by the responsible officials, and any efforts made
> to temper the severity of a forceful response."  *Hudson*, at 7-8, 112 S. Ct. 995;

11

> *see also Whitley*, 475 U.S. at 321, 106 S. Ct. 1078; *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).  From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur."  *Whitley*, 475 U.S. at 321, 106 S. Ct. 1078 (quoting *Johnson*, 481 F.2d at 1033).

*Skrtich*, 280 F.3d at 1300-01.

> "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated . . . whether or not significant injury is evident.  Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury."  *Hudson*, 503 U.S. at 9, 112 S. Ct. at 995[.]

*Wilkins*, 559 U.S. at 38.  Thus, in an excessive force case such as the one at hand,

> the "core judicial inquiry" is "not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S. Ct. 1175, 1178, 175 L. Ed. 2d 995 (2010) (per curiam) (quotation marks omitted) (concluding that a gratuitous beating by prison guards, even without injuries requiring medical attention, violated a prisoner's Eighth Amendment rights).

*Bowden*, 576 F. App'x at 953.

Matthews asserts that on August 28, 2012 at approximately 10:40 p.m. while confined in the Covington County Jail defendant Haymons "[t]hrew me down to the floor and beat me with his boots and fists."  *Compl. - Doc. No. 1* at 3.  In support of this assertion, Matthews maintains that Haymons approached his cell, threatened him and advised him "to pack his things, he was going to lock-up."  *Statement in Support of Compl. - Doc. No. 1-1* at 2.

Matthews questioned Haymons regarding this order but "was complying" with the order when Haymons "became angry and attacked Petitioner by  grabbing him, throwing him to the concret[e] floor and stomping him with his boot[s] and hitting him with his fist[s]." *Id*. at 3.  Matthews asserts that Sgt. Blue witnessed the unprovoked attack but did nothing to protect him from Haymons.  *Id*.

Within minutes of the altercation, Sgt. Blue contacted the jail's on-duty nurse, Pam Gorum, and she conducted an examination of Matthews.  Nurse Gorum noted only minor injuries to Matthews but based on his complaints of "various pains" she ordered that he be transported to the Andalusia Regional Hospital for evaluation.  *Defendants' Exhibit 4 (Aff. of Pamela Gorum) - Doc. No. 39-4* at 1.  The medical records from the Andalusia Regional Hospital establish that Matthews underwent triage assessment by the hospital's emergency room personnel at 12:23 a.m. at which time he complained of left knee pain.  *Defendants' Exhibit C - Doc. No. 39-8* at 2.  An examination of Matthews' left knee showed his joint was normal with normal range of motion.  *Id*. at 5.  An x-ray was also taken of his left knee.  *Id*. at 2-3.  The x-ray showed no injury to Matthews' left knee.  *Id*. at 4.  Specifically, the "AP, lateral, and oblique views show no fracture or effusion [i.e., swelling of the knee].  The joint spaces are maintained." *Id*.  Matthews received a nonsteroidal anti-inflammatory medication while in the emergency room.  *Id*. at 2.  At 1:25 a.m., the attending physician determined Matthews' condition was "improved" and "stable" and ordered his release from the emergency room.  *Id*. at 5.  The attending physician did not order any further treatment for

Matthews. *Id*.

The defendants deny Matthews' claim regarding the use of excessive force and the alleged failure to protect him from such force. Specifically, the defendants maintain that on the night in question Matthews charged at Haymons and attempted to run past him which caused Haymons to grab Matthews. *Defendants' Exhibit D (Statement of Clarence Haymons) - Doc. No. 39-9* at 2. At this time, Matthews "began to fight and be combative. [Haymons] continued to escort him to C-Block [for lock-up]. [Matthews] tried to jump on [Haymons] again so [Haymons] placed him on the floor and continued to escort him to C-Block." *Id*. Sgt. Blue maintains that he did not intervene because "[a]t no time[] did Correctional Officer Haymons use any greater amount of force than necessary in subduing the Plaintiff. The Plaintiff was the aggressor during the entire incident." *Defendants' Exhibit 1 (Aff. of Bill Blue) - Doc. No. 39-1* at 2. After Haymons advised Matthews that he would be moved from A-Block to C-Block for his disruptive behavior, "Matthews charged towards the door" where Haymons was standing and "Haymons grabbed Matthews in an attempt to keep him in the A-Block part of the Jail. Matthews began physically struggling with Haymons after Haymons attempted to restrain Matthews. Matthews and Haymons physically struggled on the floor until Haymons was able to subdue Matthews." *Id*.

Even though the defendants dispute the version of events presented by Matthews, the court is required at this stage of the proceedings to view the facts in the light most favorable to Matthews and draw all reasonable inferences from those facts in his favor. *Bradley*, 739

14

F.3d at 608.  In that vein, Matthews provides that defendant Haymons threw him to the floor and then repeatedly punched and kicked him without provocation and while he posed no threat to Haymons or the security of the jail.  Matthews further asserts that defendant Blue witnessed this attack without intervening to protect him from Haymons.  Finally, Matthews contends that the challenged actions resulted in a serious injury to his left knee.  In sum, Matthews contends "that he was the victim of an unprovoked attack in circumstances that did not present a risk of creating a disturbance or harming staff or other inmates.  This version of the events could support an excessive force claim despite the lack of serious injuries." *Bowden*, 576 F. App'x at 954.

As previously explained, the defendants deny Matthews' allegations regarding the use of excessive force and maintain that at no time during the incident was more force used than necessary to subdue and gain control of Matthews after he attempted to flee defendant Haymons.  Nevertheless, viewing the facts in the light most favorable to Matthews, the court concludes that defendants Haymons and Blue are not entitled to qualified immunity as the plaintiff has alleged facts sufficient to survive their motion for summary judgment regarding the excessive force and failure to protect claims lodged against them.  *Skrtich*, 280 F.3d at 1301.  Specifically, disputed issues of material fact exist regarding the need for the use of force, the nature of the force used and whether the defendants acted "maliciously and sadistically" to cause harm.  Consequently, the motion for summary judgment with respect to the claims of excessive force and failure to protect lodged against defendants Haymons

and Blue is due to be denied.

## C.  Deliberate Indifference to Medical Needs

Matthews alleges that the defendants denied him medical treatment for an injury to his knee suffered in the physical confrontation with defendant Haymons.  The defendants adamantly deny this allegation and argue that Matthews received medical treatment from the jail nurse within a short period of time following the incident and was thereafter transferred to the emergency room at the Andalusia Regional Hospital for additional evaluation and treatment.  The records from the hospital indicate that Matthews arrived at the emergency room within two hours of the incident.  The jail nurse and the hospital's emergency room staff examined Matthews and provided treatment to him in accordance with their professional judgment.  In addition, an x-ray performed at the hospital was negative for any structural damage to Matthews' left knee.  *Defendants' Exhibit C - Doc. No. 39-8* at 4.

A prison official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's health or safety when the official knows that the inmate faces "a substantial risk of serious harm" and disregards that risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  A constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, . . . and [that] the official does not respond[] reasonably to the risk[.]"  *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc).  To obtain relief, the plaintiff must also present evidence that the

16

constitutional violation caused him to suffer an injury.  *Id.* at 1014.

In *Farmer*, the Court identified both objective and subjective elements necessary to establish an Eighth Amendment violation.  With respect to the requisite objective elements, an inmate must first show "an objectively substantial risk of serious harm . . . exist[ed]. Second, once it is established that the official is aware of this substantial risk, the official must react to this risk in an objectively unreasonable manner."  *Marsh*, 268 F.3d 1028-1029. As to the subjective elements,

> the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . .  The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." . . .  ***[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment***.

*Farmer*, 511 U.S. at 837-38 (emphasis added); *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (citing *Farmer*, 511 U.S. at 838) ("Proof that the defendant should have perceived the risk, but did not, is insufficient."); *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (same).  The conduct at issue

> must involve more than ordinary lack of due care for the prisoner's interests or safety. . . .  It is ***obduracy and wantonness, not inadvertence or error in good faith***, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.

*Whitley v. Albers*, 475 U.S. 312, 319 (1986) (emphasis added).

17

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer*, 511 U.S. at 834-38, 114 S. Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324-25, 115 L. Ed. 2d 271 (1991). . . . Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists - and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). "The known risk of injury must be a strong likelihood, rather than a mere possibility before [the responsible official's] failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and internal quotations omitted). As the foregoing makes clear, "[m]erely negligent [conduct] . . . does not justify liability under section 1983." *Id.*

Pursuant to the aforementioned criteria, Matthews is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant[s'] deliberate indifference to that risk; and (3) causation[]" in order to survive summary judgment on a claim arising from alleged deliberate indifference by the defendants. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995); *Farmer*, 511 U.S. at 837-38 (To circumvent entry of summary judgment on a properly supported motion, a plaintiff must produce sufficient evidence which demonstrates (1) an objectively substantial risk of serious harm; (2) a subjective awareness of this risk on the part of the defendant; (3) the defendants responded to such risk in an objectively unreasonable manner; and (4) the actions/omissions of the defendants caused his injuries); *Marsh*, 268 F.3d at 1028-29 (same). When seeking

relief based on deliberate indifference, an inmate is required to establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those facts." *Taylor*, 221 F.3d at 1258; *McElligott*, 182 F.3d at 1255 (for liability to attach, the official must know of and then disregard an excessive risk to the prisoner).  Thus, deliberate indifference occurs only when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (defendant must have actual knowledge of a serious condition, not just knowledge of symptoms, and ignore known risk to serious condition to warrant finding of deliberate indifference).  Furthermore, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

The record before the court demonstrates that Matthews received medical treatment for his injuries from both the jail's nurse and free-world medical personnel at the Andalusia Regional Hospital. Matthews has failed to present any evidence which indicates the defendants knew that the manner in which Matthews received treatment created a substantial risk to his health and that with this knowledge consciously disregarded such risk.  The record is therefore devoid of evidence, significantly probative or otherwise, showing that the

19

defendants acted with deliberate indifference to Matthews' medical needs. Consequently, the court concludes that summary judgment is due to be granted in favor of the defendants on the deliberate indifference claim presented by Matthews. *Carter*, 352 F.3d at 1350; *Holifield*, 115 F.3d at 1564 n.6; *Harris*, 65 F.3d at 916.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be GRANTED in part and DENIED in part as follows.

2. The defendants' motion for summary judgment with respect to the plaintiff's claims for monetary damages lodged against them in their official capacities be GRANTED and these claims be DISMISSED with prejudice as the defendants are entitled to absolute immunity against monetary damages.

3. The defendants' motion for summary judgment as to the plaintiff's claim of deliberate indifference to his medical needs be GRANTED and this claim be DISMISSED with prejudice.

4. The motion for summary judgment filed on behalf of defendants Dennis Meeks, Preston Hughes and David Anderson with respect to the remaining claims presented against these defendants in all aspects of their individual capacities be GRANTED.

5. The motion for summary judgment filed on behalf of defendants Clarence Haymons and Bill Blue with respect to the plaintiff's excessive force and failure to protect claims

lodged against them in their individual capacities be DENIED.

6. This case be referred to the undersigned for an evidentiary hearing on the plaintiff's surviving claims of excessive force and failure to protect lodged against defendants Clarence Haymons and Bill Blue.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 26, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 12th day of August, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE