IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COREY MATTHEWS, #168496, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:12-cv-870-WHA |
| | ) | |
| CLARENCE HAYMONS, DENNIS | ) | (WO) |
| MEEKS, PRESTON HUGHES, BILL BLUE, | ) | |
| and DAVID ANDERSON, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #111), entered on October 22, 2015, and the Plaintiff's Objection (Doc. #114), filed on November 6, 2015.

This is a 42 U.S.C. § 1983 action by a county jail inmate who suffered injury during an altercation with a correctional officer. The Magistrate Judge earlier recommended the granting of motions for summary judgment as to certain claims and summary judgment as to all claims on behalf Defendants Dennis Meeks, Preston Hughes, and David Anderson, with the case to proceed against only the Defendants Haymons and Blue on claims of excessive force and failure to protect lodged against them in their individual capacities. On September 15, 2015, this court adopted the Recommendation over objections filed by both the Plaintiff and Defendants (Doc. #98). On October 14, 2015, the Magistrate Judge conducted an evidentiary hearing, no jury demand having been made, and then entered his findings and Recommendation that judgment be

entered in favor of the Plaintiff and against the Defendants Haymons and Blue on the excessive force and failure to protect claims, and that the Plaintiff be awarded $500 in damages.

The court has conducted an independent evaluation and *de novo* review of the entire file in this case, together with a transcript of the evidentiary hearing. Having done so, the court finds the Plaintiff's objection to be without merit.

The Plaintiff argues that the $500 damages award was inadequate in that it "does not even cover the expense [he] was subjected to in his attempt to obtain" relief and is inadequate to compensate him for his physical injury. He also argues that it does not provide adequate punitive damages for the "emotional distress, torture, humiliation, and mental anguish" he suffered.

A review of the transcript shows that the only evidence presented by the Plaintiff was that he suffered a strained knee ligament as a result of the force used against him. There was no evidence with respect to "emotional distress, torture, humiliation, and mental anguish" which would provide a basis for punitive damages above the total damages amount recommended. The court agrees with the Magistrate Judge that $500 is an adequate amount for compensatory damages and agrees that there was no basis for awarding additional punitive damages.

In regard to the expenses incurred by the Plaintiff in this case, the court will tax costs in this case against the Defendants. The Plaintiff is advised of his right to file a cost bill with the clerk of court to claim reimbursement for certain legally recoverable costs and expenses. It must be filed within 30 days from this date, and failure to file within that time period will be deemed a waiver.

For the foregoing reasons, it is hereby ORDERED as follows:

1. Plaintiff's objection is OVERRULED.

    2.  The court ADOPTS the Recommendation of the Magistrate Judge.

    3.  The court finds in favor of the Plaintiff and against the Defendants Haymons and Blue on the excessive force and failure to protect claims, and awards the Plaintiff $500 in damages for which the Defendants are jointly and severally liable.

    4.  Costs are taxed against the Defendants Clarence Haymons and Bill Blue.  The clerk is DIRECTED to promptly furnish the Plaintiff with forms necessary to file a claim for costs.

    DONE this 30th day of November, 2015.

                                       /s/ W. Harold Albritton  
                                       W. HAROLD ALBRITTON  
                                       SENIOR UNITED STATES DISTRICT JUDGE